UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Action No. 15-88 (JEB) |
| MARLON HAIGHT, | |
| Defendant. | |

## MEMORANDUM OPINION

This Court sentenced Defendant Marlon Haight on April 17, 2023, to 152 months' incarceration for six counts of drug-trafficking and gun-possession charges. His sentence comprises concurrent terms of 92 months for the first, second, third, and fifth counts; a concurrent term of 60 months for the fourth count; and a consecutive term of 60 months for the sixth count. See ECF No. 129 (Am. Judgment) at ECF p. 3. Haight now moves to reduce his sentence by 14 months pursuant to a 2023 amendment to the U.S. Sentencing Guidelines that limits the impact of "status points" on criminal-history scores, thereby potentially reducing sentence lengths for qualifying defendants. See Amend. 821 (Part A), U.S.S.C. (eff. Nov. 1, 2023); ECF No. 134 (Mot.) at 1. The Government concedes that Haight qualifies for a sentence reduction under the amendment but opposes its application here. See ECF No. 136 (Opp.) at 1. Because the balance of factors supports a reduction, the Court will grant Defendant's Motion and reduce his sentence to 138 months.

1

I.     **Background**

On June 30, 2016, a jury convicted Haight of Conspiracy to Distribute and Possess with Intent to Distribute 28 Grams or More of Cocaine Base, Cocaine, and Marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B)(iii), (b)(1)(C), and (b)(1)(D) (Count 1); Unlawful Possession with Intent to Distribute 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) (Count 2); Unlawful Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 3); Unlawful Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count 4); Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) (Count 5); and Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense, 18 U.S.C. § 924(c)(1) (Count 6).  See Am. Judgment at ECF pp. 1–2.

This Court first sentenced Defendant on December 1, 2016, to 152 months in prison, allocated as described above.  See ECF No. 83 (Judgment) at ECF pp. 1, 3.  The Government appealed in search of a higher sentence of 240 months, see ECF No. 89 (Notice of Appeal), under the theory that Haight qualified as an Armed Career Criminal under 18 U.S.C. § 924(e)(1) — a contention that this Court had rejected.  See ECF No. 72 (Gov't Sent'g Mem.) at 4–8.  The Supreme Court ultimately held in Borden v. United States, 593 U.S. 420 (2021), that reckless crimes are not "crimes of violence" for purposes of 18 U.S.C. § 924(e).  Id. at 445.  With Defendant squarely out of the Armed Career Criminal Act's penalty-enhancement zone, this Court reaffirmed its original sentence of 152 months on April 17, 2023.  See Am. Judgment at ECF p. 3.  Under this sentence, Defendant has a projected release date of February 5, 2027.  See Mot. at 2.

**II.     Legal Standard**

Federal courts generally "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), aside from "a few narrow exceptions." Freeman v. United States, 564 U.S. 522, 526 (2011).  One such exception provides for a sentence reduction when the sentencing range that guided a defendant's original term of imprisonment has since been lowered by the Sentencing Commission.  See U.S.C. § 3582(c)(2).  In 2023, the Commission adopted an amendment that removed subsection (d) of U.S.S.G. § 4A1.1, which had added two "status points" to a defendant's criminal-history score for committing an offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  The original subsection (d) was replaced by the original subsection (e), and a new subsection (e) now reads as follows:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Under Part A of Amendment 821, then, a defendant no longer receives two more "status points" for committing an offense while under a separate sentence.  See U.S.S.G. § 4A1.1, application note 5.  The Sentencing Commission voted to give Part A of Amendment 821 retroactive force and authorized sentence reductions under the provision to come into effect beginning February 1, 2024.  See U.S.S.G. § 1B1.10(e)(2).

Courts may grant a sentence reduction based on a retroactive amendment if (1) the defendant's original sentence was based on a Guidelines range that was subsequently lowered and (2) the balance of factors set forth in 18 U.S.C. § 3553(a) favors such a reduction "in whole or in part under the particular circumstances of the case." Dillon v. United States, 560 U.S. 817,

3

827 (2010). The accompanying policy statement for a § 3582(c)(2) reduction, codified at U.S.S.G. § 1B1.10, advises courts to "substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" Dillon, 560 U.S. at 821 (alteration in original) (quoting U.S.S.G. § 1B1.10). While a court has discretion to determine whether and to what extent to reduce a sentence, id. at 827–29, this discretion is not unlimited; courts may not reduce a sentence "to a term that is less than the minimum of the amended guideline range" except in limited circumstances. Id. at 822 (quoting U.S.S.G. § 1B1.10(b)(2)(A)).

**III.    Analysis**

Both sides agree that Haight is eligible for a reduction under Amendment 821 because he received two additional "status points" for committing his offense while under a sentence imposed by the D.C. Superior Court. See Opp. at 5; Mot. at 2. Applying the Amendment, he would receive no extra points, putting him into Criminal History Category III instead of IV and setting his guideline range for Counts 1–3 and 5 at 78–97 months instead of 92–115 months. See Mot. at 4. Defendant thus asks the Court to convert the lower end of the sentence he received for those counts to the lower end of the new range, shaving 14 months off his sentence. Id.

Since he is clearly eligible for the reduction, Defendant's request thus turns on a balance of the § 3553(a) factors, which require the Court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
> (2) the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

4

18 U.S.C. § 3553(a). The main point of contention between the parties concerns the § 3553(a)(2)(C) factor — *i.e.*, whether Haight's post-conviction behavior belies his assurances that he is not a violent and dangerous person and that he is not at risk of falling into recidivism when he returns to the community. See Opp. at 9–10; Mot. at 5–6.

The Government argues that the disciplinary infractions that Defendant has accrued while incarcerated demonstrate the need to maintain his original sentence of 152 months. See Opp. at 9. The defense parries that Haight has not incurred any infractions since October 2020, which is also when he began to receive medical treatment that has since brought at least one of his behavioral diagnoses into remission. See Mot. at 5; ECF Nos. 134-1 (BOP Records) at ECF p. 7; 134-2 (Mental Health Records) at 2 (filed under seal). It also correctly notes that this Court was aware of the infractions at the time of Haight's resentencing and determined that the bottom of the sentencing range was still appropriate. See Mot. at 4–5, 6; ECF Nos. 132 (Resentencing Hr'g Trans.) at 3–5; 128 (Gov't 2d Sent'g Mem.) at 2–3. Not only has Haight not incurred any new infractions since the Court saw him last, but he has also completed a drug-education program; intends to participate in a drug-treatment program; is taking cognitive-behavioral-therapy-based anger-management classes; and does custodial work for his 120-person unit. See Mot. at 5–6 (citing BOP Records at 5–6).

The Court accordingly believes that a sentence at the bottom of the new range would serve as just punishment. Since the bottom of that range has decreased to 78 months for Counts 1–3 and 5, this Court agrees that Haight should have 14 months' less time in prison.

## IV.  Conclusion

As Haight has established that he is eligible for a reduction, which the balance of sentencing factors supports, the Court will amend its Judgment to reflect a 138-month sentence.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: June 17, 2025